## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 0:12–CV–61127 – Dimitrouleas / Snow

| | |
|---|---|
| JOSEPH VALLILLO, individually and on behalf of all others similarly situated, | ) ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | ) |
| | ) |
| NAC MARKETING COMPANY, LLC and JACOB ROSENSTEIN | ) ) |
| | ) |
|       Defendants. | ) |

_____

### DEFENDANT JACOB ROSENSTEIN'S MOTION TO DISMISS

Defendant Jacob Rosenstein, M.D. ("Dr. Rosenstein"), by his attorneys, respectfully moves this Court for entry of an order dismissing Plaintiff Joseph Vallillo's Complaint ("Complaint") in its entirety pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

### INTRODUCTION

The claims against Dr. Rosenstein, a Texas resident, must be dismissed because Plaintiff fails to allege a *prima facie* basis for this Court's personal jurisdiction over him.  Plaintiff identifies no applicable provision of the Florida long-arm statute, any case-related actions by Dr. Rosenstein "purposefully directed" at Florida, or any "continuous" or "systematic" contacts by Dr. Rosenstein with Florida.  Plaintiff does not allege that Dr. Rosenstein controlled or directed how, when, or where any Ageless Male advertisements were circulated or aired.  In his Declaration, Dr. Rosenstein confirms that he has never worked in Florida, employed persons in

Florida, maintained an agent for service in Florida, owned property in Florida, or conducted business in Florida.  Indeed, Dr. Rosenstein lacks minimum contacts with Florida.

Beyond this, Plaintiff also fails to state a claim against Dr. Rosenstein.  Plaintiff does not satisfy the jurisdictional requirements for pleading a claim under the Magnuson-Moss Warranty Act ("MMWA") (Count I), as he fails to name 100 plaintiffs (as required for a class action) and cannot satisfy the $50,000 amount in controversy requirement (as required for an individual action).  As against Dr. Rosenstein, Plaintiff's MMWA, express warranty, and implied warranty claims (Counts I, IV and V) also fail because Plaintiff does not identify any warranties extended, sales made, or products supplied by Dr. Rosenstein.  Plaintiff's unjust enrichment claim (Count II) is defective because Plaintiff describes that New Vitality sold him Ageless Male, and Plaintiff does not allege that he conferred any benefit on Dr. Rosenstein.  Because Plaintiff refers to "Defendants" as a group and fails to identify that Dr. Rosenstein actually uttered or wrote any false or misleading statements about Ageless Male, Plaintiff also does not plead his fraud-based claims (Counts III and VI) with Rule 9(b) particularity.  Finally, Plaintiff's Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim (Count VI) and omnibus claim for "Violations of the Consumer Fraud Laws of the Various States" (Count VII) must be dismissed because the claims are improperly based on the theory that Defendants lack prior substantiation to support the advertising.  Plaintiff's omnibus claim (Count VII) must also be dismissed because Plaintiff, a Florida resident, lacks standing to bring claims under the laws of other states where no action or injury relevant to his claims occurred.

## FACTS ALLEGED

Plaintiff's Complaint challenges Defendant New Vitality's "Ageless Male" product and contends that the product's advertised health benefits are not substantiated.  Ageless Male is a

nutritional supplement sold by New Vitality. (Compl. ¶ 1.) New Vitality retained Dr. Jacob Rosenstein to appear in its advertising. (Compl. ¶ 6.) Dr. Rosenstein is a Texas resident and neurosurgeon who also studies and practices in the field of age management. (Compl. ¶ 6.) Plaintiff does not allege that Dr. Rosenstein controlled or directed how, when, or where any of the challenged advertisements were circulated or aired.

In advertising Ageless Male, New Vitality has featured Dr. Rosenstein's successful personal history and experience with age management techniques and testosterone supplementation. (Compl. ¶ 50.) This advertising has included side-by-side photographs of a bare-chested Dr. Rosenstein who was unfit years ago and is exceptionally fit today. (*See* Compl. ¶¶ 29, 48-50.) This advertising also has included Dr. Rosenstein's observations about the well-known benefits of healthy testosterone levels on an aging male's general well-being. (Compl. ¶¶ 47-50.) Plaintiff's Complaint largely paraphrases statements in New Vitality's Ageless Male advertising and does not quote any actual or particular statements by Dr. Rosenstein. (*See* Compl. ¶¶ 29, 47-50.) As described in Dr. Rosenstein's sworn Declaration, he conducts no business in Florida, owns no property in Florida, infrequently travels to Florida, and has never before been sued in Florida. *See* Exhibit 1 attached hereto, Declaration of Jacob Rosenstein ("Rosenstein Decl.") ¶¶ 4-5.

## ARGUMENT

I.  **Plaintiff's Complaint Fails to Allege Personal Jurisdiction Over Defendant Jacob Rosenstein and Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2).**

    A.  **Plaintiff Must Plead Facts to Support This Court's Personal Jurisdiction Over Dr. Rosenstein.**

Pursuant to Rule 12(b)(2), the Complaint should be dismissed for lack of personal jurisdiction over Dr. Rosenstein. The exercise of personal jurisdiction over a non-resident

defendant involves a two-part analysis: (1) whether jurisdiction is appropriate under Florida's long-arm statute—Fla. Stat. § 48.193; and (2) if so, whether a defendant has sufficient "minimum contacts" with Florida to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause. *Lady of Am. Franchise Corp. v. Advecor, Inc.*, No. 07-cv-60156, 2007 WL 1489799, at *1–2 (S.D. Fla. May 18, 2007) (quoting *Mutual Service Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004)).

The due process requirement is satisfied when "(1) the nonresident defendant has purposefully established minimum contacts with the forum . . . and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." *S.E.C. v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997). The Eleventh Circuit has also recognized that Florida's long-arm statute "requires greater activities or contacts than those demanded by the due process clause." *Lauzon v. Joseph Ribkoff, Inc.*, 77 F. Supp. 2d 1250, 1253 (S.D. Fla. 1999) (citing *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 394 (11th Cir. 1988)). A plaintiff may seek to establish specific personal jurisdiction (which focuses on "a party's activities in the forum that are related to the cause of action alleged in the complaint") or general personal jurisdiction (which requires "a showing of continuous and systematic general business contacts between the defendant and the forum state"). *Consolidated Dev. Corp v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000).

"A plaintiff alleging personal jurisdiction must plead facts in the complaint that support the existence of personal jurisdiction over the defendant." *Martinec v. Party Line Cruise Co.*, No. 07-cv-80098, 2007 WL 3197610, at *2 (S.D. Fla. Oct. 29, 2007). Only if the complaint pleads such facts does "the burden shift[] to the defendant to present affidavits, testimony or other documents to challenge the plaintiff's jurisdictional allegations." *Id.* "It is unnecessary,

however, for the parties to submit additional materials concerning the jurisdiction issue if the

complaint fails to allege sufficient facts to support the allegations of jurisdiction." *Id.*

### B. Plaintiff Has Failed to Allege Sufficient Facts to Establish a *Prima Facie* Basis for the Court to Exercise Personal Jurisdiction Over Dr. Rosenstein.

Plaintiff's Complaint comes nowhere close to alleging a *prima facie* case of personal

jurisdiction over Dr. Rosenstein.  This is the only jurisdictional allegation against Dr. Rosenstein:

> Defendant Rosenstein, upon information and belief, is a citizen and resident of
> Texas.  Rosenstein is a neurosurgeon and is also purportedly trained in the field of
> 'age management medicine.' Rosenstein serves as a product spokesperson for
> Ageless Male in his individual capacity, and he receives financial compensation
> for his role as spokesperson. Rosenstein personally made many of the false and
> misleading representations set forth herein, and he appears in numerous radio,
> web, print, and television advertisements that are purposely directed at Florida
> consumers and at consumers specifically in this District.  For example, Rosenstein
> appeared in the false and misleading Ageless Male television commercial that
> Plaintiff viewed and relied on to purchase the product.  Rosenstein caused injury
> to Plaintiff by deceptively soliciting Florida consumers, including Plaintiff, to buy
> Ageless Male.

(Compl. ¶ 6.)

First, as is evident, Plaintiff does not allege that the exercise of personal jurisdiction over

Dr. Rosenstein satisfies any prong of the Florida long-arm statute.  The statute requires a plaintiff

to demonstrate that the non-resident defendant has committed acts falling within Fla. Stat. §

48.193(1)(a)-(h).  Plaintiff's Complaint does not even reference Florida's long-arm statute.

Second, Plaintiff's jurisdictional allegations regarding Dr. Rosenstein are conclusory

statements entitled to no presumption of truth under Rule 12(b)(6).  Without identifying any

factual predicate, Plaintiff alleges that the Ageless Male advertisements are "purposely directed

at Florida consumers and at consumers specifically in this District," and that Dr. Rosenstein

"deceptively solicit[ed] Florida consumers, including Plaintiff, to buy Ageless Male."  (*See*

Compl. ¶ 6.)  Under modern pleading standards, a complaint that "tenders naked assertions

devoid of further factual enhancement" will not survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Complaint offers only threadbare conclusory allegations linking Dr. Rosenstein to Florida.

Third, the Complaint fails to allege a *prima facie* basis for the Court to exercise specific personal jurisdiction. Specific personal jurisdiction is appropriate only when "the defendant has 'purposefully directed' his activities at the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990). Thus, "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state[;] . . . [rather,] jurisdiction is proper where the defendant's contacts with the forum proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum state." *Id.* Here, Plaintiff does not allege that Dr. Rosenstein controlled or directed how, when, or where any of the Ageless Male advertisements were circulated or aired. Indeed, as Dr. Rosenstein states in his attached Declaration, he had no involvement whatsoever in determining where or how the Ageless Male product was to be marketed, sold, or distributed. Rosenstein Decl. ¶ 6. Plaintiff does not allege that Dr. Rosenstein ever interacted with Plaintiff Joseph Vallillo, or any other Florida resident who belongs to the purported class, at any time before, during, or after the events alleged in the Complaint. As Dr. Rosenstein attests, he only became aware of Plaintiff as a result of this lawsuit. Rosenstein Decl. ¶ 7.

Fourth, the Complaint is devoid of any allegations that Dr. Rosenstein has had "continuous or systematic" contacts with Florida sufficient to support general personal

jurisdiction.  The Complaint does not allege that Dr. Rosenstein has ever worked in Florida, employed persons in Florida, maintained an agent for service in Florida, owned property in Florida, or conducted business in Florida.  Dr. Rosenstein confirms in his Declaration that he has not.  *See* Rosenstein Decl. ¶¶ 4-5.

Finally, the Court cannot exercise personal jurisdiction over Dr. Rosenstein solely because he is featured in the advertising at issue in this litigation.  As a matter of law, websites and national advertising cannot provide the sole basis for the exercise of personal jurisdiction over spokespeople because they are not aimed at a specific forum state.  Thus, in *TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 690 (D. Del. 1997), the court dismissed a company spokesperson for lack of personal jurisdiction because, "absent proof of a promotional campaign directed at Delaware consumers, Dr. Murad's appearance and guarantees in these promotional devices are insufficient to establish personal jurisdiction over him."[1]  On similar facts, the Middle District of Florida has likewise refused to exercise personal jurisdiction over a spokesperson.  *See White Wave Int'l Labs, Inc. v. Lohan*, No. 8:09-cv-1260, 2011 WL 2669658, at *2-4 (M.D Fla. July 7, 2011) (declining to exercise personal jurisdiction over actress Lindsay Lohan, a spokesperson for defendant's product, in trade secret misappropriation and civil conspiracy case); *cf. Williams Elec.*, 854 F.2d at 391-92 ("[A] court cannot exercise personal jurisdiction over a defendant solely on the basis of his employer's contacts with the forum state").

---

[1]  *See also Embs v. Hordan Outdoor Enters. Ltd.*, No. 2:03-cv-895, 2004 WL 3322366, at *4 (S.D Ohio March 25, 2004) ("[T]he act of advertising in publications with national circulation does not, in itself, subject a business or person to jurisdiction"); *SRECO-Flexible, Inc. v. Fernandez*, No. 3:03-cv-7263, 2003 WL 22182209, at *3 (N.D Ohio Sept. 23, 2003) ("[D]efendants' advertisement in a national trade publication does not provide a basis for establishing that defendants have carried on business or made deals in Ohio.  Nor does it provide a basis for personal jurisdiction over defendants on its own.").

Accordingly, the Complaint should be dismissed in its entirety with respect to Dr. Rosenstein because Plaintiff has failed to allege a *prima facie* case of this Court's personal jurisdiction over him. As Dr. Rosenstein's Declaration confirms, no leave to amend should be permitted because Plaintiff cannot establish that Dr. Rosenstein, a Texas resident, has any continuous or case-related connections to the State of Florida.

## II.   Plaintiff's Complaint Fails to State a Claim for Relief and Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) tests the "facial sufficiency" of a complaint. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). To survive a motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, will "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A "formulaic recitation" of the elements of a cause of action, supported by conclusory legal allegations, does not suffice to state a valid claim and should be dismissed. *Id.*; *Twombly*, 550 U.S. at 555.

### A.   Magnuson–Moss Warranty Act (Count I)

#### (1)   Plaintiff's Complaint Fails to Name 100 Plaintiffs as Required for a MMWA Class Action and Fails to Allege $50,000 in Damages as Required for a MMWA Individual Claim.

The Magnuson-Moss Warranty Act "allows individual consumers to sue warrantors for damages and other legal and equitable relief for failure to comply with written or implied warranties." *Wood v. Gen. Motors Corp.*, No. CV 08-5224, 2010 WL 3613812, at *9 (E.D.N.Y. Aug. 23, 2010). For purposes of a MMWA claim, a written warranty is:

> any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or

-8-

any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking.

15 U.S.C. § 2301(6).[2]  To maintain a MMWA claim, three jurisdictional pleading requirements must be met: "(1) the amount in controversy of any individual claim must be at least $25; (2) the overall amount in controversy must be at least $50,000, excluding interest and costs; and (3) at least one hundred plaintiffs must be named to maintain a class action." *Wood*, 2010 WL 3613812 at *9.

Here, Plaintiff fails to name 100 plaintiffs in his MMWA claim.  Plaintiff's Complaint is captioned as "Joseph Vallillo on behalf of himself and others similarly situated." (Compl. ¶ 1.) Mr. Vallillo is the only named plaintiff.  He alleges upon "information and belief" that the class includes tens of thousands of members.  (Compl. ¶ 69.)  This allegation does not satisfy the MMWA's 100-plaintiff requirement.  *See Borchardt v. Mako Marine Int'l, Inc.*, No. 08-61199-CIV, 2011 WL 4636799, at *2 (S.D. Fla. Oct. 6, 2011); *see also Cunningham v. Fleetwood Homes of Ga., Inc.*, 253 F.3d 611, 618 n.7 (11th Cir. 2001).  Plaintiff's claim would also fail as an individual, non-class action claim because Plaintiff alleges that he purchased only three bottles of Ageless Male for $88.89. (Compl. ¶ 4.)  Thus, Plaintiff's damages come nowhere close to the jurisdictional minimum of $50,000 dollars needed to bring an individual action under the MMWA.  15 U.S.C. § 2310(d)(3)(B).

---

[2]      An implied warranty "means an implied warranty arising under State law . . . in connection with the sale by a supplier of a consumer product." 15 U.S.C. § 2301(7).  Plaintiff does not bring a claim for breach of an implied warranty under the MMWA.  Indeed, Plaintiff cannot maintain a breach of implied warranty claim against Dr. Rosenstein because he has no privity of contract with him.  *See, e.g., Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1342 (S.D. Fla. 2009).

As a matter of law, subject matter jurisdiction must be determined at the outset of the case. *Lieb v. Am. Motors Corp.*, 538 F. Supp. 127, 132 (S.D.N.Y. 1982) ("A court cannot superintend a prospective plaintiff's activities designed to satisfy jurisdictional prerequisites after the complaint is filed. The complaint is deficient measured against the explicit and unambiguous statutory mandate and must be dismissed as a class action."). Plaintiff cannot wait until discovery to satisfy his pleading burden. *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 246 n.6 (2d Cir. 1986). Because Plaintiff fails to comply with the requirements for bringing a MMWA claim as a class or individual claim, Plaintiff's MMWA claim should be dismissed in its entirety.

        (2)      <u>Dr. Rosenstein Is Not a "Warrantor" of the Ageless Male Product and<br>Made No Written Warranty for Purposes of the MMWA.</u>

Dr. Rosenstein does not meet the definition of a "warrantor" under the MMWA. The MMWA states that only warrantors are subject to the enforcement of remedies under the Act. A written warranty under the MMWA must be a written promise that a product "is defect free or will meet a specified level of performance over a specified period of time." 15 U.S.C. § 2301(6). The Act defines a "warrantor" as follows:

> For purposes of this section, only the warrantor actually making a written affirmation of fact, promise, or undertaking shall be deemed to have created a written warranty, and any rights arising thereunder may be enforced under this section only against such warrantor and no other person.

15 U.S.C. § 2310(f). A written warranty must be made in connection with the sale of a consumer product by a supplier to a buyer. 15 U.S.C. 2301(6)(A). Here, Dr. Rosenstein is not a supplier, and Plaintiff does not allege that he is a supplier. Because Dr. Rosenstein is not a supplier of a

consumer product and is not alleged to have made any written affirmation of fact, he has no

liability under the MMWA.[3]

### B.      Unjust Enrichment (Count II)

"The theory of unjust enrichment is equitable in nature and is, therefore, not available

where there is an adequate legal remedy." *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d

1309, 1324 (S.D. Fla. 2009).  An unjust enrichment claim also requires the plaintiff to allege that

the plaintiff conferred a benefit on the defendant. *Id.*  Here, Plaintiff asserts that he has a

contractual remedy, (Compl. ¶¶ 102-107), and also fails to allege that he has no adequate remedy

at law.  Where a "[p]laintiff fails to allege that this contractual remedy is inadequate," a claim for

unjust enrichment must be dismissed. *David*, 629 F. Supp. 2d at 1324-25 (dismissing an unjust

enrichment claim where plaintiff's breach of express warranty claim provided an adequate legal

remedy); *see also Nichols v. Wm. Wrigley Jr. Co.*, No. 10-cv-80759, 2011 WL 181458, at *5

(S.D. Fla. Jan. 19, 2011).  Plaintiff also does not allege that he conferred any benefit on Dr.

Rosenstein.  Rather, Plaintiff describes that he "purchased Ageless Male from New Vitality."

(Compl. ¶ 4.)  Thus, Plaintiff's unjust enrichment claim against Dr. Rosenstein must be

dismissed.

---

[3]      Plaintiff repeatedly paraphrases statements allegedly made in the Ageless Male advertising
without actually alleging that these statements were ever made or uttered by Dr. Rosenstein.  Rather,
Plaintiff defines Dr. Rosenstein and New Vitality as "Defendants" and then broadly refers to
"Defendants" having made statements. (*See* Compl. ¶¶ 1,18-23, 25-27, 30-31, 34-38, 41-42, 46, 48-50,
55, 58-59, 83-87, 104, 106-107, 110-112, 95-101, 142, 145, 148-152, 132-185).  This type of "group
pleading" – in vaguely treating statements by Defendant New Vitality as statements made by Dr.
Rosenstein – is not permitted under Rule 8.  *See, e.g., Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619
F. Supp. 2d 1260, 1274 (M.D. Fla. 2009) ("Because of the grouping together of these Defendants without
differentiation or some sort of description of the actions that could provide 'fair notice' of the basis for the
claims against them, the claims against the 'Peer Review Defendants' are not sufficiently pled" under
Rule 8); *E.E.O.C. v. Gargiulo, Inc.*, No. 2:05-cv-460,  2006 WL 752825, at *2 (M.D. Fla. Mar. 22, 2006)
("[P]laintiff cannot simply lump its individual assertions together in a group pleading, unless it is
plaintiff's contention that the identical events apply to all five individuals.").

C.     **Breach of Express Warranty (Count IV)**

Plaintiff's express warranty claim is defective because Plaintiff has not alleged any

statements by Dr. Rosenstein that constitute an express warranty regarding Ageless Male.  To

state a claim for breach of an express warranty, Plaintiff must plead:

1.     Facts in respect to the sale of the goods;

2.     Identification of the types of warranties created, i.e. express warranty
(Section 672.313, Florida Statutes (1975)); implied warranty of
merchantability (Section 672.314, Florida Statutes (1975)); implied
warranty of fitness for a particular purpose (Section 672.315, Florida
Statutes (1975));

3.     Facts in respect to the creation of the particular warranty . . . ;

4.     Facts in respect to the breach of the warranty;

5.     Notice to seller of breach.  Section 672.607(3)(a), Florida Statutes (1975);

6.     The injuries sustained by the buyer as a result of the breach of warranty.

*Dunham-Bush, Inc. v. Thermo-Air Service, Inc.*, 351 So. 2d 351, 353 (Fla. Dist. Ct. App. 1977).

As against Dr. Rosenstein, Plaintiff has failed to plead at least the first and third factors.[4]

Plaintiff does not allege that Dr. Rosenstein actually sold any products.  Because Dr.

Rosenstein never sold a product, he could not create an express warranty for the product.  *See*

F.S.A. § 672.103(1)(d) ("Seller" means a person who sells or contracts to sell goods.")  Plaintiff

also does not allege Dr. Rosenstein actually uttered any statements that amount to an express

warranty.  Instead, Plaintiff makes the following conclusory allegation:

> ***Defendants*** as marketers, distributors, or sellers, expressly warranted that Ageless
> Male was effective and proven effective.  ***Defendants*** expressly warranted
> through advertisements and online marketing that Ageless male was "clinically"
> proven to dramatically boost testosterone levels, which would in turn prevent such
> maladies as andropause and its symptoms, including low sex drive, mood

---

[4]     In addition, because Plaintiff fails to successfully plead an express warranty, he cannot plead
factors four through six.

changes, decreased energy, irritability, loss of muscle mass, and loss of focus or concentration.

(Compl. ¶ 104) (emphasis added).  As noted above, this "group pleading" is improper as it does not identify who is responsible for making the allegedly actionable statement.  Because Plaintiff does not allege any facts that show Dr. Rosenstein made any of the above statements, the breach of express warranty claim against Dr. Rosenstein must be dismissed.

### D.       Breach of Implied Warranties (Count V)

Plaintiff's claim for breach of implied warranties of fitness and merchantability against Dr. Rosenstein fails because Plaintiff fails to allege privity between himself and Dr. Rosenstein. *See David*, 629 F. Supp. 2d at 1321-22 ("Florida law requires privity of contract to sustain a breach of implied warranty claim.").  Indeed, where a plaintiff "purchases a product, but does not buy it directly from the defendant, [he] is not in privity with that defendant."  *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995).  Here, Plaintiff alleges that he purchased the Ageless Male product not from Dr. Rosenstein, but from Defendant New Vitality.  (*See* Compl. ¶ 4.)  Likewise, Plaintiff alleges that New Vitality, not Dr. Rosenstein, "creates, advertises, and sells . . . Ageless Male."  (Compl. ¶ 5.)  Because Plaintiff does not allege any privity of contract with Dr. Rosenstein, as required to sustain a breach of implied warranty claim under Florida law, his claim must be dismissed.

### E.       Fraud-Based Claims (Counts III, VI, and VII)

(1)       Plaintiff Has Failed to Plead with Rule 9(b) Particularity.

The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") requires a plaintiff to prove three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1339 (S.D. Fla. 2009) (citing Fla. Stat. § 501.211).  For his common-law fraud claim, Plaintiff must prove (1) a false representation

of material fact made by defendant; (2) defendant's knowledge that the representation was false; (3) defendant's intention to induce plaintiff to act on the representation; and (4) injury to plaintiff resulting from plaintiff's "justifiable" reliance on the defendant's representation. *Zarrella v. Pacific Life Ins. Co.*, 755 F. Supp. 2d 1218, 1224 (S.D. Fla. 2010) (citing *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1284 (S.D. Fla. 2004), *aff'd*, 470 F.3d 1036 (11th Cir. 2006)).

Plaintiff's claims for common law fraud (Count III), violations of the FDUTPA (Count VI), and "Violations of the Consumer Fraud Laws of the Various States" (Count VII), must be pled with particularity under Rule 9(b). *See Cannon v. Metro Ford, Inc.*, 242 F. Supp. 2d 1322, 1332 (S.D. Fla. 2002) (applying Rule 9(b) to FDUTPA claim); *see also Hogan v. Provident Life & Acc. Ins. Co.*, 665 F. Supp. 2d 1273, 1284 (M.D. Fla. 2009) (applying Rule 9(b) to Florida common-law fraud claim).  To satisfy Rule 9(b), a complaint must set forth:

1. Precisely what statements were made in what documents or oral representations or what omissions were made, and
2. The time and place of each such statement and the person responsible for making . . . same, and
3. The content of such statements and the manner in which they misled the plaintiff, and
4. What the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1371 (11th Cir. 1997).  The purpose of Rule 9(b) is to "alert[] defendants to the precise misconduct with which they are charged and protect[] defendants against spurious charges of immoral and fraudulent behavior." *Mays v. Citibank, N.A.*, No. 04-20227-CIV, 2005 WL 6111610, at *12 (S.D. Fla. Apr. 1, 2005).

Plaintiff's Complaint fails to plead these fraud-based claims with particularity.  Rather than specify which Defendant is responsible for uttering particular statements, Plaintiff has

improperly grouped Defendant New Vitality and Defendant Dr. Rosenstein together to allege that both "Defendants" made each and every purportedly false and misleading advertising claim. (*See* Compl. ¶¶ 1,18-23, 25-27, 30-31, 34-38, 41-42, 46, 48-50, 55, 58-59, 83-87, 104, 106-107, 110-112, 95-101, 142, 145, 148-152, 132-185).  As noted above, such "group pleading" is improper under Rule 8, much less under Rule 9(b).

Furthermore, Plaintiff's improper pleading gives Dr. Rosenstein no way to identify the "precise misconduct with which [he is] charged."  Among other group allegations, Plaintiff accuses "Defendants" of "directly market[ing] Ageless Male to consumers throughout the United States" (Compl. ¶ 18); changing the formula for Ageless Male in Spring 2012 (Compl. ¶ 22); and disseminating promotional materials containing "false and misleading statements" to consumers (Compl. ¶ 25).  Plaintiff, however, never alleges that Dr. Rosenstein owns, directs, or controls Defendant New Vitality, or that he has any involvement whatsoever in the product development or marketing strategy for Ageless Male.  Because Plaintiff alleges no factual basis for the Court to infer that Dr. Rosenstein is in any way liable for alleged actions and representations either by himself or by another defendant, the Court should dismiss the fraud-based claims.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-56.

(2)   Plaintiff's FDUTPA and Omnibus Claims Must Be Dismissed Under the Prior Substantiation Doctrine.

In Count VI, Plaintiff brings a claim for violation of the FDUTPA.  In Count VII, Plaintiff brings an omnibus claim for alleged "Violations of the Consumer Fraud Laws of the Various States."  These consumer fraud statutory claims must be dismissed because the claims are founded on allegations that the Ageless Male advertising are not and cannot be substantiated. (*See, e.g.,* Compl. ¶¶ 32-33 (citing Defendants' alleged advertising that Ageless Male supports "Healthy Sex Drive," "Energy Production," "Positive Mood," "Lean Muscle," "Strong Bones,"

-15-

"Concentration," and "More Zest for Life," then claiming that "[e]ach of these claims is unsubstantiated, false and misleading" because "there is no competent and reliable scientific evidence that demonstrates Ageless Male's ability to raise testosterone levels by any amount").)

As numerous, recent cases make clear, an alleged lack of prior substantiation for advertising claims is not a viable basis for a claim under the consumer fraud statutes of the various states.  *See, e.g.*, *Franulovic v. Coca Cola Co.*, 390 Fed. App'x 125, 128 (3d Cir. 2010) ("[A] New Jersey Consumer Fraud Act claim cannot be premised on a prior substantiation theory of liability"); *Scheuerman v. Nestle Healthcare Nutrition, Inc.*, No. 10-cv-3684, 2012 WL 2916827, at *6-7 (D.N.J. July 17, 2012) ("As an initial matter, the case law is clear . . . that prior substantiation claims are not cognizable under the NJCFA, UCL, FAL, or CLRA"); *Stanley v. Bayer Healthcare LLC*, No. 11-cv-862, 2012 WL 1132920, at *3 (S.D. Cal. Apr. 3, 2012) (under the UCL and CLRA, "[p]rivate individuals may not bring an action demanding substantiation for advertising claims"; only "prosecuting authorities" have that power); *Chavez v. Nestle USA, Inc.*, No. 09-cv-9192, 2011 WL 2150128, at *5-6 (C.D. Cal. May 19, 2011) ("Plaintiffs' allegations regarding a lack of substantiation for Defendant's product claims (as alleged here) cannot support a cause of action under the UCL or the FAL"); *Fraker v. Bayer Corp.*, No. 08-cv-1564, 2009 WL 5865687, at *8-9 (E.D. Cal. Oct. 6, 2009) (dismissing plaintiff's FAL claims, noting that "[i]f Plaintiff is going to maintain an action against Defendant for false or misleading advertising, then Plaintiff will be required to adduce evidence sufficient to present to a jury to show that Defendant's advertising claims with respect to Product are actually false; not simply that they are not backed up by scientific evidence").

While the prior substantiation doctrine has not yet been applied to the consumer fraud statutes of all the "Various States," the case law is consistent whether construing California's

Unfair Competition Law, California's False Advertising Law, California's Consumer Legal Remedies Act, and the New Jersey Consumer Fraud Act.  Plaintiff contends that Ageless Male's advertising claims are not and cannot be substantiated.  This does not state a claim under the FDUTPA or the "Consumer Fraud Laws of the Various States."

(3)   <u>Plaintiff Lacks Standing to Maintain the Omnibus Claim.</u>

Plaintiff's omnibus claim for alleged "Violations of the Consumer Fraud Laws of the Various States" (Count VII) must also be dismissed for lack of standing.  Plaintiff alleges that he is a "citizen of Florida" who purchased the Ageless Male product "from his home in Florida" after "viewing an Ageless Male television commercial while watching television in his home." (Compl. ¶ 4.)  Because Plaintiff does not allege that he was injured or suffered injury from activity in the other "Various States," Plaintiff lacks standing to sue for violation of the consumer protection laws of other states.  *See Zarrella v. Pacific Life Ins. Co.*, 755 F. Supp. 2d 1218, 1229-30 (S.D. Fla. 2010) (dismissing a Florida resident's claim under California unfair competition law for lack of standing); *David*, 629 F. Supp. 2d at 1327 ("Because Plaintiff has not alleged unfair conduct or corresponding injury occurring in California, Plaintiff, a Florida resident who purchased his motorcycle in Florida, has failed to state a claim under the California UCL."). Accordingly, this claim must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant Jacob Rosenstein, M.D. respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint for lack of personal jurisdiction and for failure to state a claim for relief, together with such other and further relief as the Court deems just and proper.

**McDERMOTT WILL & EMERY LLP**

By:    /s/ Robert M. Kline
       Anthony N. Upshaw (FBN 861091)
       *aupshaw@mwe.com*
       Robert M. Kline (FBN 46363)
       *rkline@mwe.com*
       333 Avenue of the Americas, Ste. 4500
       Miami, Florida 33131
       Tel.  305.358.3500
       Fax  305.347.6500

       *Counsel for Jacob Rosenstein, M.D.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on **July 26, 2012**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on Scott A. Bursor, BURSOR & FISHER, P.A., 369 Lexington Ave, Fl. 10, New York, NY 10017, *Counsel for Plaintiff Joseph Vallillo*, via transmission of Notices of Electronic Filing generated by CM/ECF.


_____/s/ Robert M. Kline_____
Robert M. Kline


DM_US 37064061-1.086890.0018

-19-